# Court of Appeals
## Tenth Appellate District of Texas

10-23-00198-CR

Frederick Lammarr McDonald,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
13th District Court of Navarro County, Texas
Judge James E. Lagomarsino, presiding
Trial Court Cause No. D41,562-CR

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Frederick Lammarr McDonald was convicted of Continuous Sexual Abuse of a Child under 14 years of age, *see* TEX. PENAL CODE § 21.02(b), and sentenced to life in prison. Because McDonald's motion for mistrial was untimely, his sole issue is not preserved, and the trial court's judgment is affirmed.

In his sole issue on appeal, McDonald complains that the trial court

abused its discretion in denying McDonald's motion for mistrial asserting the State's failure to provide him with discovery material, specifically, Frederick Lammarr McDonald, Jr.'s recorded statement to the district attorney's investigator. McDonald had previously requested discovery from the State pursuant to article 39.14 of the Texas Code of Criminal Procedure.

Frederick Lammarr McDonald, Jr. (Jr.), McDonald's son, testified for the State. Near the beginning of his testimony, Jr. was asked if he spoke to an investigator about McDonald "molesting" Jr.'s sisters. He said he had. Jr. testified how his father would isolate his sister, T.A., in the house while locking the rest of her siblings, including Jr., outside one summer when T.A. was around 10 years old. Jr. further testified that T.A. eventually confided in him that McDonald had been "abusing" her. Jr. confronted McDonald who told Jr. T.A. "was making shit up." When T.A. showed Jr. marks on her back from the carpet on the floor of the lake house, telling Jr. that "it" had happened on the floor and that McDonald had "done it again," Jr. had another meeting with McDonald. Jr. testified about what happened at the meeting:

> A. And so, we met in that car wash, and that's when he actually told me that he had –
>
> Q. And can you tell me when he told you this? What year – can you tell me what year it was?
>
> A. I can't remember what year it was. I can't just a remember year. [sic] I just remember being in the car. I asked him. He told me.

He said he felt like Vicky [McDonald's wife and Jr.'s step-mother] put the girls on him.

*****

Q. So, when you were at the – when you met your father at the car wash –

A. Yes.

Q. – and he told you about the abuse he had done towards [T.A.]–

A. Yes.

Q. – how did you react to that at that moment?

A. I really didn't have anything to say. I just kind of let him talk as I – yeah, I just remember him talking, and I just wasn't cool with it.

On cross-examination, McDonald questioned Jr. about whether he told the investigator that he had met with McDonald and that McDonald "had told y'all of this." Jr. responded affirmatively, saying he gave a statement to the investigator that McDonald had "admitted to what he had done." Jr. also said his statement was recorded. Jr.'s cross-examination continued for three more pages in the record, and McDonald passed him as a witness. The State had no further questions, and Jr. was released from testifying, subject to recall, with the agreement of the parties.

After a 15-minute break and after the trial court addressed an issue concerning a juror, McDonald reported to the trial court that McDonald did not

have Jr.'s recorded statement. He asserted he was surprised and requested a mistrial. The trial court recessed for the remainder of the day so that the recording could be made available to McDonald. The next day, the trial court determined the State did not turn over the recorded interview. And, rather than granting McDonald's motion for mistrial, the trial court gave McDonald a running objection and instructed the jury "not to consider the testimony elicited from [Jr.] regarding the Defendant's admission to him of the offense."[1]

McDonald failed to preserve this issue for appellate review because his underlying motion for mistrial was untimely. *See* TEX. R. APP. P. 33.1(a). The motion was made after Jr. was questioned, cross-examined on the subject, and released as a witness, and after a break in the proceedings. This was too late.[2] *See Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007) (stating that a motion for mistrial is timely only if it is made as soon as the grounds for it become apparent); *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004) (stating that a party may no more rely on an untimely motion for mistrial than it may rely on an untimely objection). *See also Foyt v. State*, 602 S.W.3d 23, 49-50 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (motion for mistrial due to alleged violation of art. 39.14 untimely when defendant did not object to

---

[1] McDonald had not requested a running objection or an instruction.

[2] Even if McDonald did not recognize during the State's direct examination that Jr. may have provided a written or recorded statement, it was apparent during cross-examination.

testimony, cross-examined the witness, and waited to request mistrial until the next morning). Accordingly, McDonald's sole issue is not preserved and is overruled.

The trial court's judgment is affirmed.

                                                  _____

LEE HARRIS
Justice

OPINION DELIVERED and FILED: March 27, 2025

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed
Do Not Publish
[CRPM]

